**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:24-cv-05431-FLA-AJR                    Date:  July 6, 2026
                                                        Page 1 of 4

Title:        Parris Murray v. Ry Rodriguez, et al.

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE BECAUSE PLAINTIFF HAS NOT FILED A STATUS REPORT**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

|  ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On June 26, 2024, *pro se* Plaintiff Parris Murray ("Plaintiff"), a state prisoner presently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California Institution for Men- Chino ("CSP-Chino"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against Los Angeles Police Officer Ry Rodriguez, the Los Angeles Police Department ("LAPD"), and the LAPD Wilshire Division (collectively, "Defendants").  (Dkt. 1 at 3.)  On May 21, 2025, Defendants filed an Answer.  (Dkt. 17.)

On June 2, 2025, the Court issued a Case Management and Scheduling Order in Civil Rights Cases, (the "Scheduling Order"), which established deadlines governing discovery, dispositive motions, and other pretrial proceedings.  (Dkt. 19.)  Among other

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:24-cv-05431-FLA-AJR                     Date:  July 6, 2026
                                                        Page 2 of 4

Title:        Parris Murray v. Ry Rodriguez, et al.

_____

things, the Scheduling Order required each party to file a **status report** regarding the progress of discovery no later than September 30, 2025.  (Id.)

When neither party timely filed the required status report, the Court issued an Order on October 27, 2025, reminding the parties that all discovery was to be completed no later than November 28, 2025, and directing each party to file a status report concerning the progress of discovery by November 10, 2025.  (Dkt. 29.)

Later that same day, Defendants filed a status report.  (Dkt. 30.)  Defendants represented that the parties had been actively engaged in discovery, that Plaintiff had served written discovery requests, and that Defendants had served their discovery responses on Plaintiff by mail on October 10, 2025.  (Id. at 2.)  Defendants further represented that, based on the progress of discovery, the existing November 28, 2025 discovery cutoff would not need to be modified.  (Id.)  Plaintiff, however, did not file the status report ordered by the Court.

Following the expiration of both the discovery deadline and the dispositive motion deadline, the Court issued another Order on February 3, 2026, directing **each party** to file a status report addressing (1) the status of discovery; (2) whether either party anticipated filing a dispositive motion; and (3) whether the parties intended to proceed to trial.  (Dkt. 38.)  The Court ordered that the status reports be filed no later than February 24, 2026, and noted that the discovery cutoff of November 28, 2025 and the dispositive motion deadline of January 27, 2026 had already expired.  (Id.)

As of the date of this Order, more than four months have elapsed since the February 24, 2026 deadline.  Neither party has filed the status report required by the Court's February 3, 2026 Order, nor has either party sought an extension of time to comply.

The Court is particularly concerned by Plaintiff's failure to comply.  Although Defendants did not file the February 2026 status report, Defendants previously informed the Court that they had responded to Plaintiff's written discovery requests, believed discovery was proceeding as scheduled, and anticipated that no modification of the discovery deadlines would be necessary.  (Dkt. 30 at 2.)  By contrast, Plaintiff has never

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:24-cv-05431-FLA-AJR                    Date:  July 6, 2026
                                                                          Page 3 of 4

Title:          Parris Murray v. Ry Rodriguez, et al.

_____

filed a status report despite having been ordered to do so on two separate occasions.  (See Dkts. 29, 38.)  Consequently, the Court has no information regarding whether Plaintiff believes discovery has been completed, whether Plaintiff contends any discovery disputes remain outstanding, whether Plaintiff intends to pursue any dispositive motion practice, whether Plaintiff seeks additional relief from the Court, or whether Plaintiff intends to proceed to trial.

        As the party who initiated this action, Plaintiff bears the responsibility of diligently prosecuting his claims and complying with the Court's orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) (recognizing a district court's inherent authority to dismiss an action for failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  Plaintiff's participation is essential to permit the Court to determine the appropriate next steps in this litigation.  Without Plaintiff's status report, the Court cannot effectively manage this action or determine whether Plaintiff intends to continue prosecuting his claims.

        Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, on or before **July 27, 2026**, why this action should not be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders.  Plaintiff may discharge this Order by filing the status report required by the Court's February 3, 2026 Order (Dkt. 38), or by filing a written response demonstrating good cause for his failure to comply.

        Plaintiff is expressly warned that failure to timely comply with this Order to Show Cause, including by filing the required status report or otherwise showing good cause, will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     2:24-cv-05431-FLA-AJR                Date:  July 6, 2026
                                                  Page 4 of 4

Title:       <u>Parris Murray v. Ry Rodriguez, et al.</u>

_____

      If Plaintiff no longer wishes to pursue this action or certain claims or defendants, he may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

      IT IS SO ORDERED.

<u>Attachment</u>:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).